UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THOMAS JENKINS**, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**TRUSTCO BANK,**<br><br>　　　　　Defendant. | Civil Case No. 1:21-cv-238 (GLS/ATB) |

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Thomas Jenkins ("Plaintiff"), by counsel, brings this Amended Class Action Complaint against Defendant Trustco Bank ("Trustco" or "Defendant"), and alleges as follows:

### INTRODUCTION

1. This is a civil action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant Trustco Bank, arising from its improper assessment and collection of multiple $36 fees on an item.

2. Besides being deceptive, this practice breaches contract promises made in Trustco's adhesion contracts, and unjustly enriches Trustco at its customers' expense.

3. Plaintiff and other Trustco customers have been injured by Trustco's practices. Plaintiff, individually and on behalf of the class of individuals preliminarily defined below, brings claims for Trustco's breach of contract, including the duty of good faith and fair dealing, unjust enrichment, and violation of New York General Business Law § 349, *et seq*.

### PARTIES

4. Plaintiff is a citizen of Kissimmee, Florida and has had a checking account with Trustco at all times material hereto.

5. Defendant Trustco Bank is a bank registered to do business in New York and with its principal place of business in Schenectady, New York. Thus, the bank is a citizen of New York. Trustco has over $5.2 billion in assets and provides banking services to customers through more than 145 branches in New York, Florida, Massachusetts, New Jersey, and Vermont. Trustco is engaged in the business of providing retail banking services to consumers, including Plaintiff and members of the putative Class.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this putative class action lawsuit pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the aggregate sum of the claims of the members of the putative Class exceeds $5 million, exclusive of interest and costs, because Plaintiff brings this action on behalf of a proposed Class that is comprised of over one hundred members, and because Plaintiff and at least one of the members of the proposed Class are citizens of a different state than Trustco.

7. This Court has personal jurisdiction over Trustco because Trustco conducted business in and throughout the Northern District of New York at all times material hereto.

8. Trustco regularly and systematically conducts business and provides retail banking services in this state and provides retail banking services to customers in this state, including Plaintiff and members of the putative Class. As such, it is subject to the jurisdiction of this Court.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) because Trustco is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

**I.     Trustco Improperly Charges Two Or More Fees on an Item**

10.    Overdraft fees and insufficient funds fees ("NSF fees") are among the primary fee generators for banks. According to a banking industry market research company, Moebs Services, in 2018 alone, banks generated an estimated $34.5 billion from overdraft fees. *Overdraft Revenue Inches Up in 2018*, Moebs Services, Inc., https://bit.ly/3ht19iO.

11.    Unfortunately, the customers who are assessed these fees are the most vulnerable customers. Younger, lower-income, and non-white account holders are among those who were more likely to be assessed overdraft fees. *Overdrawn: Consumer Experiences with Overdraft*, Pew Charitable Trusts 8 (June 2014), https://bit.ly/3ksKD0I.

12.    Trustco unlawfully maximizes its already profitable fees through its deceptive and contractually-prohibited practice of charging multiple NSF fees, or an NSF fee followed by an overdraft fee, on an item.

13.    Unbeknownst to consumers, each time Trustco reprocesses an electronic payment item, ACH item, or check for payment after it was initially rejected for insufficient funds, Trustco chooses to treat it as a new and unique item that is subject to yet another fee. But Defendant's contract never states that this counterintuitive and deceptive result could be possible and, in fact, promises the opposite.

14.    The Federal Deposit Insurance Corporation (the "FDIC") has expressed concern with the practice of assessing multiple fees on an item. In 2012, the FDIC determined that one bank's assessment of more than one NSF Fee on the same item was a "deceptive and unfair act." *In the Matter of Higher One, Inc., Consent Order*, Consent Order, FDIC-1 1-700b, FDIC-1 1-704k, 2012 WL 7186313.

15. Plaintiff has an Trustco checking account, which was governed by Trustco's standardized "Account Disclosure Notice" attached as **Exhibit A** hereto (the "Notice") and Schedule of Service Charges, attached as **Exhibit B** hereto (the "Fee Schedule" and together with the Notice, the "Contract").

16. The Contract allows Trustco to take certain steps when paying a check, electronic payment item, or ACH item when the accountholder does not have sufficient funds to cover it. Specifically, Trustco may (a) pay the item and charge a $36 fee; or (b) reject the item and charge a $36 fee. Ex. A at 2.

17. In contrast to the Contract, however, Trustco regularly assesses two or more $36 fees on an item.

### A. The Imposition of Multiple Fees on a Single Item Violates Trustco's Express Promises and Representations

18. The Contract provides the general terms of Plaintiff's relationship with Trustco, and therein Trustco makes explicit promises and representations regarding how an item will be processed, and how fees may be assessed.

19. The Contract promises to assess "*a fee* for each insufficient funds item":

> Insufficient funds items include all orders and instructions for the payment, transfer, or withdrawal of funds from your account. We may, without notice to you and in our sole discretion, either pay or permit the insufficient funds item and overdraw your account or we may return, decline or reject the insufficient funds item without payment. In any case, we will charge you a fee for each insufficient funds item whether we pay, permit, return, decline, or reject the item.

Ex. A at 2.

20. The Fee Schedule also reinforces that "a fee" will be charged "per item":

| **Additional Services** | **Per Item Fee** |
| --- | --- |

> Overdraft/Insufficient Fee – Personal Accounts* (Paid or returned)   36.00
> (No more than 5 fees per day)

> *You will not be charged a per item fee when your account is overdrawn $5 or less on personal accounts only….Fees for overdrawing an account apply to an overdraft created by a check, in-person withdrawal, ATM withdrawal, or other electronic means.

Ex. B at 3, 5, 7.

21. The Contract defines "[i]nsufficient funds items" as "all orders and instructions for the payment, transfer, or withdrawal of funds from your account." Ex A. at 2.

22. An "insufficient funds item" does not become a new item capable of receiving another fee when it is rejected for payment then reprocessed, especially when—as here—Plaintiff took no action to resubmit it.

23. A reprocessed "order" or "instructions for payment, transfer or withdrawal," is still the same, original order or payment instruction. The reprocessing is simply another attempt to effectuate the account holder's original order or instruction.

24. The Contract reinforces this understanding, stating that "[f]ees for overdrawing an account apply to an overdraft created by a check, in-person withdrawal, or other electronic means." *Id*.

25. Because an overdraft may only be "created" by the account holder's original order or instruction (i.e., the "check, in-person withdrawal, or other electronic means"), it can only be assessed a second fee if the account holder issues a new order or payment instruction.

26. Plaintiff made no such "additional orders and instructions for the payment, transfer, or withdrawal of funds from [the] account," and therefore Trustco breached the Contract when it assessed multiple fees on per item.

27. There is zero indication anywhere in the Contract that an "insufficient funds item" is eligible to incur multiple fees.

28. The Contract _never_ discusses a circumstance where Trustco may assess multiple fees for a single check, electronic payment item, or ACH item that was returned for insufficient funds and later reprocessed one or more times and returned again.

29. In sum, Trustco promises that one $36 fee will be assessed on an item, and this term must mean all iterations of the same instruction for payment. As such, Trustco breached its contract when it charged more than one fee per item.

30. Reasonable consumers understand any given authorization for payment to be one, singular "item," as that term is used in the Contract.

31. Taken together, the representations and omissions identified above convey to customers that all submissions for payment of the same item will be treated as the same "item," which Trustco will either authorize (resulting in an overdraft item) or reject (resulting in a returned item) when it decides there are insufficient funds in the account. Ex. A at 2. Nowhere do Trustco and its customers agree that Trustco will treat each reprocessing of a check, electronic payment item, or ACH item as a separate item, subject to additional fees.

32. Customers reasonably understand, based on the language of the Contract, that Trustco's reprocessing of checks, electronic payment items, and ACH items are simply additional attempts to complete the original order or instruction for payment, and as such, will not trigger fees. In other words, it is always the same item.

33. Banks and credit unions like Trustco that employ this abusive practice require their accountholders to expressly agree to it—something Trustco here never did.

34. Community Bank, NA, a peer bank in the State of New York, engages in the same abusive practices as Trustco, but at least currently discloses it in its online banking agreement:

> We cannot dictate whether or not (or how many times) a merchant will submit a previously presented item. **You may be charged more than one Overdraft or NSF Fee if a merchant submits a single transaction multiple times after it has been rejected or returned.**

*Overdraft and Unavailable Funds Practices Disclosure*, Community Bank N.A. 5 (Nov. 12, 2019), https://bit.ly/3uQafe7 (emphasis added).

35. For example, First Citizens Bank engages in the same abusive practice as Trustco, but at least expressly states:

> Because we may charge a service fee for an NSF item each time it is presented, **we may charge you more than one service fee for any given item**. All fees are charged during evening posting. When we charge a fee for NSF items, the charge reduces the available balance in your account and may put your account into (or further into) overdraft.

*Deposit Account Agreement*, First Citizen's Bank (Oct. 2020), https://bit.ly/2GJjSqq (emphasis added).

36. Klein Bank similarly states in its online banking agreement:

> [W]e will charge you an NSF/Overdraft Fee each time: (1) an item is submitted to us for payment from your Account when, at the time of posting, your Account is overdrawn or would be overdrawn if we paid the item (whether or not we in fact pay it); or (2) we return, reverse, or decline to pay an item for any other reason authorized by the Terms and Conditions of your account. For these purposes, an item includes a check, an ATM or debit card transaction, an ACH transaction, or other withdrawal, transfer or debit. Your account is overdrawn if your Available Balance is less than zero. **We will charge an NSF/Overdraft Fee as provided in this section regardless of the number of times an item is submitted or resubmitted to us for payment, and regardless of whether we pay the item or return, reverse, or decline to pay the item**.

*Online Access Agreement*, Klein Bank 17 (Jan. 2013), https://bit.ly/2Fevj8W (emphasis added).

37. First Financial Bank's contract states:

> Merchants or payees may present an item multiple times for payment if the initial or subsequent presentment is rejected due to insufficient funds or other reason

(representment). **Each presentment is considered an item and will be charged accordingly.**

*Special Handling/Electronic Banking Disclosures of Charges*, First Financial Bank 2 (Dec. 2019), https://cutt.ly/sySnHdz.

38. The Contract provides no such authorization, and actually promises the opposite—Trustco may charge, at most, a *single* fee per item.

### B. Plaintiff's Experience

39. In support of Plaintiff's claim, Plaintiff offers examples of fees that should not have been assessed against Plaintiff's checking account. As alleged below, Trustco: (a) reprocessed a previously declined item; and (b) charged a fee upon reprocessing.

40. On or around December 5, 2018, Plaintiff attempted an item to make a one-time payment.

41. Trustco rejected payment of that item due to insufficient funds in Plaintiff's account and charged a $36 fee for doing so.

42. Unbeknownst to Plaintiff and without Plaintiff's request to Trustco to reprocess the item, on or around December 11, 2018, Trustco processed the same item yet again and charged Plaintiff a *second* $36 fee for doing so.

43. *In sum, Trustco charged Plaintiff $72 in fees on an item.*

44. Plaintiff understood the payment to be a single item as is laid out in the Contract, capable of receiving, at most, a single fee if Trustco returned it, or a single fee if Trustco paid it.

45. The improper fees charged by Trustco were not errors, but rather intentional charges made by Trustco as part of its standard processing of items.

46. Plaintiff therefore had no duty to report the fees as errors.

47. Moreover, any such reporting would have been futile as Trustco had made a decision to charge the fees in this specific manner to maximize profits at the expense of customers.

### C. The Imposition of Multiple Fees on a Single Item Breaches Trustco's Duty of Good Faith and Fair Dealing

48. Parties to a contract are required not only to adhere to the express conditions in the contract, but also to act in good faith when they are invested with a discretionary power over the other party. This creates an implied promise to act in accordance with the parties' reasonable expectations and means that Trustco is prohibited from exercising its discretion to enrich itself and gouge its customers. Indeed, Trustco has a duty to honor payment requests in a way that is fair to Plaintiff and its other customers and is prohibited from exercising its discretion to pile on ever greater penalties on the depositor. Here—in the adhesion agreements Trustco foisted on Plaintiff and its other customers—Trustco has provided itself numerous discretionary powers affecting customers' accounts. But instead of exercising that discretion in good faith and consistent with consumers' reasonable expectations, Trustco abuses that discretion to take money out of consumers' accounts without their permission and contrary to their reasonable expectations that they will not be charged multiple fees for the same item.

49. When Trustco charges multiple fees on an item, it uses its discretion to define the meaning of "item" in a way that violates common sense and reasonable consumer expectations. Trustco uses its contractual discretion to define that term to choose a meaning that directly causes more fees.

50. In addition, Trustco exercises its discretion in its own favor and to the prejudice of Plaintiff and its other customers when it reprocesses an item when it knows a customer's account lacks funds and then charges additional fees on the same item. Further, Trustco abuses the power it has over customers and their bank accounts and acts contrary to their reasonable expectations

under the Contract. This is a breach of Trustco's duty to engage in fair dealing and to act in good faith.

51. It was bad faith and totally outside of Plaintiff's reasonable expectations for Trustco to use its discretion to assess two or more fees on an item.

52. Trustco abuses its discretion and acts in bad faith by defining contract terms in an unreasonable way that violates common sense and by charging multiple fees on the same item.

## CLASS ALLEGATIONS

53. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

54. Plaintiff brings this action individually and as a class action on behalf of the following proposed Class:

> All accountholders of Trustco Bank who, during the applicable statute of limitations, were charged multiple fees on an item by Trustco Bank.

55. Plaintiff reserves the right to modify or amend the definition of the Class as this litigation proceeds.

56. Excluded from the Class are Trustco, its parents, subsidiaries, affiliates, officers and directors, any entity in which Trustco has a controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

57. The Class consists of thousands of members, such that joinder of all Class members is impracticable.

58. There are questions of law and fact that are common to all members of the Class that relate to Trustco's practice of charging fees on multiple fees on an item.

59. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interests that are antagonistic to the interests of the members of the Class.

60. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

61. The questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, particularly because the focus of the litigation will be on Trustco's conduct. The predominant questions of law and fact in this litigation include, but are not limited to, whether Trustco:

- Imposed more than one fee on an item;
- Breached its contract with Plaintiff and members of the Class by assessing more than one fee on an item;
- Violated New York General Business Law § 349, *et seq.*;
- Breached the covenant of good faith and fair dealing imposed on it; and
- Was unjustly enriched when it collected multiple fees on an item.

62. Other questions of law and fact common to the Class include the proper method or methods by which to measure damages.

63. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would not be economically feasible for individual Class members, and certification as a class action will preserve judicial resources by allowing the common issues of the Class members to be adjudicated in a single forum, avoiding the need for duplicative hearings and discovery in individual actions that are based on an identical set of facts. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of

Trustco, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Trustco's misconduct will proceed without remedy. In addition, without a class action, it is likely that many members of the Class will remain unaware of Trustco's conduct and the claims they may possess.

64. It appears that other persons who fall within the definitions of the Class set forth above are not pursuing similar litigation, such that individual Class members do not wish to control the prosecution of separate actions.

65. This proposed class action does not present any unique management difficulties.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract including Breach of the Covenant of Good Faith and Fair Dealing)**
**(On Behalf of Plaintiff and the Class)**

66. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

67. Plaintiff and Trustco have contracted for bank account deposit, checking, ATM, and debit card services. *See* Exs. A-B.

68. Trustco mischaracterized in the Contract its true fee practices and breached the express terms of the Contract.

69. No contract provision authorizes Trustco to charge more than one fee on an item.

70. Under New York law, good faith is an element of every contract. Good faith is also mandated by the Uniform Commercial Code ("UCC"), which covers banking transactions. Whether by common law or statute, all contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely

the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

71.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of violations of good faith and fair dealing are willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

72.     Trustco has breached the covenant of good faith and fair dealing through its fee policies and practices as alleged herein.

73.     Trustco harms consumers by abusing its contractual discretion in a number of ways that no reasonable customer would anticipate.

74.     Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them by the Contract.

75.     Plaintiff and members of the Class have sustained damages as a result of Trustco's breach of the Contract and breach of the covenant of good faith and fair dealing.

**SECOND CLAIM FOR RELIEF**
**(Unjust Enrichment)**
**(On Behalf of Plaintiff and the Class)**

76.     Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

77.     Plaintiff, individually and on behalf of the Class, asserts a common law claim for unjust enrichment. This claim is brought solely in the alternative to Plaintiff's breach of contract

claim and applies only if the parties' contract is deemed unconscionable or otherwise unenforceable for any reason. In such circumstances, unjust enrichment will dictate that Trustco disgorge all improperly assessed fees.

78. By means of Trustco's wrongful conduct alleged herein, Trustco knowingly assessed fees upon Plaintiff and the members of the Class that are unfair, unconscionable, and oppressive.

79. Trustco knowingly received and retained wrongful benefits and funds from Plaintiff and the members of the Class. In so doing, Trustco acted with conscious disregard for the rights of Plaintiff and the members of the Class.

80. As a result of Trustco's wrongful conduct as alleged herein, Trustco has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and the members of the Class.

81. Trustco's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

82. Under the common law doctrine of unjust enrichment, it is inequitable for Trustco to retain the benefits it received, and is still receiving, without justification, from the imposition of multiple fees on Plaintiff and members of the Class in an unfair, unconscionable, and oppressive manner. Trustco's retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment.

83. The financial benefits obtained by Trustco rightfully belong to Plaintiff and the members of the Class. Trustco should be compelled to disgorge in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds collected by Trustco. A constructive trust should be imposed upon all wrongful or inequitable sums received by Trustco traceable to Plaintiff and the members of the Class.

84. Plaintiff and the members of the Class have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### (Violations of New York General Business Law § 349, *et seq.*)
### (On Behalf of Plaintiff and the Class)

85. Plaintiff incorporates the preceding allegations by reference as if fully set forth herein.

86. Trustco's practice of charging multiple fees on an item violates New York Business Law § 349 ("NYGBL § 349").

87. NYGBL § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in the state of New York.

88. Trustco is headquartered in New York and has multiple banking locations in New York. Accordingly, Trustco conducts business, trade, or commerce in New York State.

89. In the conduct of its business, trade, and commerce, and in furnishing services in New York State, Trustco's actions were directed at consumers.

90. In the conduct of its business, trade, and commerce, and in furnishing services in New York State, Trustco engaged in deceptive, unfair, and unlawful trade, acts or practices, in violation of NYGBL § 349(a), including but not limited to the following:

   a. Trustco misrepresented material facts pertaining to the sale and/or furnishing of banking services to Plaintiff and the Class by representing that it would not charge more than one fee on an item;

   b. Trustco omitted, suppressed, and concealed the material fact that it would charge more than one fee on an item;

91. Trustco systematically engaged in these deceptive, misleading, and unlawful acts and practices, to the detriment of Plaintiff and members of the Class.

92. Trustco willfully engaged in such acts and practices and knew that it violated NTGBL § 349 or showed reckless disregard for whether it violated NYGBL § 349.

93. As a direct and proximate result of Trustco's deceptive banking practices, Plaintiff and members of the Class suffered injury and/or damages, including the payment of deceptive fees, as described herein, and the loss of the benefit of their respective bargains with Trustco.

94. The unfair and deceptive practices by Trustco, as described herein, were immoral, unethical, oppressive, and unscrupulous. These acts cause substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

95. Further, Trustco's conduct was substantially injurious to Plaintiff and members of the putative Class in that they were forced to pay fees they were told they would not incur.

96. Trustco's actions in engaging in the above-described unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the members of the Plaintiff and putative Class.

97. Had Plaintiff and members of the putative Class known they could be charged the above-described deceptive fees, they would have attempted to avoid incurring such fees.

98. As a result of Trustco's violations of NYGBL § 349, Plaintiff and members of the putative Class have paid and will continue to pay improper fees. Accordingly, Plaintiff and the putative Class have suffered and will continue to suffer actual damages.

99. Accordingly, Plaintiff and the members of the putative Class are entitled to relief under NYGBL § 349(h), including, but not limited to, actual damages, treble damages, statutory damages, injunctive relief, and/or attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand a jury trial on all claims so triable and judgment including the following:

a. Certification for this matter to proceed as a class action;

b. Designation of Plaintiff as Class Representative, and designation of the undersigned as Class Counsel;

c. Restitution of all improper fees paid to Trustco by Plaintiff and the Class, because of the wrongs alleged herein in an amount to be determined at trial;

d. Actual damages in an amount according to proof;

e. Statutory damages and/or treble damages in accordance with New York Law;

f. Pre- and post- judgment interest at the maximum rate permitted by applicable law;

g. Costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law;

h. Attorneys' fees under the common fund doctrine and all other applicable law;

i. Injunctive and declaratory relief prohibiting Trustco from engaging in the practices outlined herein and declaring such practices unlawful; and

j. Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

Dated: May 13, 2021

BY: */s/James J. Bilsborrow*
James J. Bilsborrow (Bar Roll #519903)
SEEGER WEISS LLP
55 Challenger Road
Ridgefield Park, New Jersey 07660
Telephone: (212) 584-0755
jbilsborrow@seegerweiss.com

Lynn A. Toops (admitted *pro hac vice*)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: 317-636-6481
Facsimile: 317-636-2593
ltoops@cohenandmalad.com

J. Gerard Stranch, IV (admitted *pro hac vice*)
Martin F. Schubert (admitted *pro hac vice*)
BRANSTETTER, STRANCH
   & JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone: (615) 254-8801
Facsimile: (615) 255-5419
gerards@bsjfirm.com
martys@bsjfirm.com

Christopher D. Jennings (admitted *pro hac vice*)
JOHNSON FIRM
610 President Clinton Avenue, Suite 300
Little Rock, Arkansas 72201
Telephone: (501) 372-1300
chris@yourattorney.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of May, 2021, the foregoing was filed electronically via the CM/ECF system, which will serve all counsel of record via electronic mail.

*/s/ James J. Bilsborrow*