**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS JENKINS,**

                  **Plaintiff,**          **1:21-cv-238**
                                      **(GLS/ATB)**

                  **v.**

**TRUSTCO BANK,**

                  **Defendant.**
_____

## SUMMARY ORDER

Plaintiff Thomas Jenkins brings this putative class action against defendant Trustco Bank, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violations of New York General Business Law (NYGBL) § 349 arising out of Trustco's "improper assessment and collection of multiple [thirty-six dollar] fees."  (Am. Compl. ¶ 1, Dkt. No. 22.)  Now pending is Trustco's motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 26.)  For the reasons that follow, the motion is granted in part and denied in part.

Jenkins is a citizen of Florida and maintains a checking account with Trustco.  (Am. Compl. ¶ 4.)  Trustco "is a bank registered to do business in New York and with its principal place of business in Schenectady, New

York" and maintains 145 branches in New York, Florida, Massachusetts, New Jersey, and Vermont. (*Id.* ¶ 5.) Jenkins claims that Trustco violated New York State law and the contractual agreements governing his account by assessing multiple thirty-six dollar insufficient fund fees (hereinafter "NSF fees") "on the same item." (*Id.* ¶¶ 10-33.)

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

Trustco first asserts that the language of the agreement between Trustco and Jenkins unambiguously authorizes Trustco to charge multiple NSF fees for re-presented payments because each time a payment is re-presented it is considered a new item. (Dkt. No. 26, Attach 4 at 5-10.) With respect to Jenkins' claim for the breach of the covenant of good faith and fair dealing, Trustco argues that this claim should be dismissed because it is duplicative of Jenkins' breach of contract claim. (*Id.* at 11.) Truscto also contends that Jenkins' claim for unjust enrichment must be dismissed

2

because such a claim cannot survive if there is an enforceable contract and Jenkins has not challenged the validity of the contract in place.  (*Id.* at 11-12.)  Finally, Trustco seeks dismissal of Jenkins' claim under NYGBL § 349 because Jenkins has failed to allege that he was harmed in New York and because this claim is duplicative of his breach of contract claim.  (*Id.* at 12-15.)

Jenkins counters that the agreement with Trustco unambiguously does not allow for multiple fees to be charged for re-presented payments because the term "item" includes the original request for payment and all subsequent re-presentments.  (Dkt. No. 27 at 7-12.)  In the alternative, Jenkins argues that the language of the agreement is ambiguous, and, thus, this claim cannot be dismissed at this stage.  (*Id.* at 12-14.)  Next, Jenkins asserts that his claim for the breach of the covenant of good faith and fair dealing should not be dismissed because "a party may be in breach of [the covenant], even if it is not in breach of the express contractual obligations."  (*Id.* at 17-18.)  Jenkins also contends that his claim for unjust enrichment should survive because "plaintiffs are permitted to pursue . . . alternative theories at this early stage in the litigation."  (*Id.* at 18.)  Finally, Jenkins argues that his allegations are sufficient to support the

3

notion that deception occurred in New York, making NYGBL § 349 applicable to this case. (*Id.* at 18-20.)

Under New York law,[1] to survive a motion to dismiss a claim for breach of contract, the plaintiff "must allege: (1) "the formation of a contract between the parties"; (2) "performance by the plaintiff"; (3) "failure of defendant to perform"; and (4) damages. *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (citation omitted). "[T]he initial interpretation of a contract is a matter of law for the court to decide" and "[i]ncluded in this initial interpretation is the threshold question of whether the terms of the contract are ambiguous.*"* *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's, London, England*, 136 F.3d 82, 86 (2d Cir. 1998) (citation omitted). When the parties' intent is unambiguous, the contract "must be enforced according to the plain meaning of its terms.*"* *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011) (citing *South Rd. Assocs., LLC v. IBM*, 826 N.E.2d 806, 809 (2005)). A contract is unambiguous where the contract's terms have "a definite and precise meaning, as to which there is

---

[1] The Account Disclosure Notice, one of the documents that governs Jenkins' agreement with Trustco, contains a New York choice of law provision, (Dkt. 22, Attach. 1 at 9), and both Jenkins and Trustco cite to New York law in their papers, thus, New York law applies to this case.

no reasonable basis for a difference of opinion." *Id.* at 69 (citing *White v. Cont'l Cas. Co.*, 878 N.E.2d 1019, 1021(2007)).  If reasonable minds could differ about the meaning of contractual language, however, such language is ambiguous.  *Id.* (Citation omitted) ("[T]he language of a contract is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement.")

Another court in this district recently ruled on a motion to dismiss in a putative class action lawsuit against Trustco, in which the plaintiffs alleged the same breach to an identical contract.  *See Lamoureux v. Trustco Bank*, 1:21-CV-0336, 2022 WL 798339 (N.D.N.Y. Mar. 16, 2022).  Here, Trustco is represented by the same counsel and cites to the same portions of the contract to support its position as it did in that case.  *See id.*  With respect to the breach of contract claim, the court in *Lamoureux* found that the terms of the contract were ambiguous, both interpretations of the contract were reasonable, and dismissal of the breach of contract claim was not proper.  *See id.* at *14.  Following the reasoning in *Lamoureux*, both interpretations are reasonable here, thus, the contract is ambiguous, and Trustco's motion to dismiss is denied on this issue.

Jenkins' claim for the breach of the implied covenant of good faith and fair dealing must be dismissed. Although Jenkins argues that "a party may be in breach of [this covenant], even if it is not in breach of its express contractual obligations," (Dkt. No. 27 at17-18), he relies on the same factual allegations for his claim for breach of contract and his claim for breach of the implied covenant of good faith and fair dealing. (Dkt. No 22 ¶¶ 66-75). Accordingly, the court agrees with Trustco that this claim must be dismissed because Jenkins does not allege any facts independent from his breach of contract claim. *See Lamoureux*, 2022 WL 798339 at *15 ("Many courts . . . dismiss claims for breach of the implied covenant of good faith and fair dealing where the plaintiff does not allege facts independent of or separate from those supporting the breach-of-contract claim.") (citations omitted).

Further, following the reasoning in *Lamoureux*, Jenkins' claim for unjust enrichment must also be dismissed. Trustco seeks dismissal of this claim on the grounds that a claim for unjust enrichment can only remain if there is a dispute as to whether there was a valid and enforceable contract between the parties, which no party disputes in this case. (Dkt. No. 26 at 11-12.) In the amended complaint, Jenkins states that the claim for unjust

enrichment "is brought solely in the alternative to [his] breach of contract claim." (Am. Compl. ¶ 77.) Jenkins argues that at the early stages of litigation such alternative theories are permitted. (Dkt. No. 27 at 18.) Although a plaintiff may plead alternative causes of action, Jenkins' claim for unjust enrichment must be dismissed because he does not challenge the validity of his agreement with Trustco and has failed to allege facts sufficient to support his claim. *See Lamoureux*, 2022 WL 798339 at *16. ("Because Plaintiff does not allege that the relevant account documents are invalid or unenforceable, the Court dismisses his claim for unjust enrichment.")

With respect to Jenkins' claim under NYGBL § 349, this too must be dismissed. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. Gen. Bus. Law § 349(a). Trustco asserts that Jenkins' allegations that its headquarters are in New York, has its principal place of business in New York, hatched a deceptive scheme in New York, and that the contract is governed by New York law are insufficient to invoke New York GBL § 349. (Dkt. No. 26 at 12-14.) Jenkins counters that this claim should stand because the court in *Cruz v. FXDirect Dealer, LLC* did

7

not focus on the residency of the parties but rather analyzed the strength of the connection between the transaction and New York. (Dkt. No. 27 at 18) (internal quotation marks omitted); *see Cruz v. FXDirect Dealer, LLC*, 720 F.3d 115, 123-24 (2d Cir. 2013). Jenkins further explains that the court in *Cruz* found that the plaintiff satisfied the territorial requirement to invoke NYGBL § 349 "in part because [the] agreement was governed by New York law." (Dkt. No. 27 at at 18-19) (citing *Cruz*, 720 F.3d at 123-24).

The court agrees with Trustco. Jenkins has not satisfied the territorial requirement to invoke NYGBL § 349. Jenkins' reliance on *Cruz* is misplaced because the court in *Cruz* relied on the fact that the agreement was governed by New York law and such additional facts are not pleaded here.[2] There is no allegation, for example, that Jenkins had any interaction with any of Trustco's New York branches nor that any of Jenkins' transactions were processed at a New York branch. (*See generally* Am. Compl.) The only connections to New York alleged in the amended complaint are Trustco's headquarters, Trustco's principal place of

---

[2] In *Cruz* the court found that the plaintiff met the territorial requirements for his claim under NYGBL § 349 because the defendant, who was headquartered in New York, was "paid in New York and refuse[d] to disburse funds from customer accounts until it receive[d] [documentation from] its New York office [and] require[d] that all customer communications . . . be sent to its New York office" in addition to the contract containing a New York choice of law provision. *Cruz*, 720 F.3d 123-24.

8

business, and Jenkins' allegation that Trustco formulated a deceptive scheme in New York. (Dkt. No. 22 ¶ 90.) These allegations are insufficient to invoke NYGBL § 349. *See Wright v. Publishers Clearing house, Inc.*, 439 F.Supp. 3d 102, 110-11 (E.D.N.Y. 2020).

Accordingly, it is hereby

**ORDERED** that Trusco's motion to dismiss (Dkt. No 26) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**DENIED** with respect to the breach of contract claim; and

**GRANTED** in all other respects; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Andrew T. Baxter to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 16, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge